CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY O'QUINN,<br>Plaintiff, | )<br>)  Civil Action No. 7:06CV00089<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| | )  By Hon. Glen E. Conrad |
| RALPH WADE, et al.,<br>Defendants. | )  United States District Judge<br>)<br>) |

The plaintiff, Gregory O'Quinn, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the plaintiff's complaint, the court concludes that his claims are barred by the applicable statute of limitations. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

### Background

The following facts are alleged in the plaintiff's complaint. The plaintiff is incarcerated at Botetourt Correctional Center, where he previously worked as a manual laborer. On November 25, 2003, the plaintiff was assigned to work on a vehicle that was experiencing mechanical problems. The plaintiff's supervisors ordered him to go underneath the vehicle. The plaintiff was then given a pair of pliers to use to check the wires attached to the vehicle's starter. After the plaintiff had no success using the pliers, the plaintiff was advised to touch the starter's connectors with a screwdriver. Once the plaintiff did as he was advised, the vehicle started and began to roll backwards. The plaintiff was subsequently dragged ten to fifteen feet by the vehicle. The plaintiff suffered permanent injuries as a result of the incident. Specifically, the

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

plaintiff alleges that he has limited mobility in his neck, and that he suffers from chronic pain.

The plaintiff executed the complaint in this civil rights action on January 30, 2006. The complaint was mailed on February 2, 2006. In the complaint, the plaintiff contends that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his safety. The plaintiff alleges that he received no formal training or safety instructions prior to being ordered to work on the vehicle, and that his supervisors had a duty to ensure that the vehicle was properly secured.

## Discussion

The statute of limitations for civil rights actions under § 1983 is borrowed from the personal injury statute of limitations from the relevant state. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 187 (4th Cir. 1999). In Virginia, the applicable limitations period is two years from the date the cause of action accrues. See Va. Code Ann. § 8.01-243(A). The cause of action accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

In this case, the plaintiff's claims accrued on November 25, 2003, the date on which he was injured by the vehicle. Because the plaintiff did not execute the instant complaint until January 30, 2006, more than two months after the two-year limitations period expired, his claims are time-barred.

For the reasons stated, the court will dismiss the plaintiff's complaint, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

2

ENTER: This  8th  day of February, 2006.

                                          */s/ Glen E. Conrad*
                                          United States District Judge